UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
   AMBER MITCHELL,                  :
                                     :
             Plaintiff,       :
                                     :
     v.                      :          25-CV-830 (SFR)
                                     :
   ALAN ZANIEWSKI,             :
                                     :
             Defendant.     :
---------------------------------------------------------------- x

## MEMORADUM AND ORDER

On May 23, 2025, Plaintiff Amber Mitchell filed a Complaint, ECF No. 1, against Defendant State Marshall Alan Zaniewski alleging unlawful entry, theft, harassment, and violation of her due process rights in relation to the execution of the eviction ordered by the Connecticut Superior Court, Hartford Housing Session. *See Dermont Lane Partners, LLC v. Mitchell, Amber et al.*, Case No. HFH-CV25-6033550-S (Conn. Super. Ct.), Docket 106. Also on May 23, 2025, Mitchell filed an "emergency application for temporary injunction and protective order" requesting that this Court: (1) dismiss the state court eviction case; (2) stay execution of the eviction; (3) stay execution of the eviction for the remainder of Mitchell's lease; (4) docket in this case a motion pending in the state eviction case; (5) issue a temporary restraining order prohibiting Zaniewski from returning to Mitchell's home; (6) prohibit further contact by Zaniewski with Mitchell and her minor child; (7) order an evidentiary hearing on the conduct of Zaniewski and accept surveillance footage as evidence; and (8) provide $500,200.00 in damages. *See* ECF No. 3. The motion did not specify a date by which time the eviction was expected to occur.

This Court takes judicial notice that the plaintiff in the state case, Dermont Line

Partners LLC, obtained judgment against Mitchell on April 2, 2025 for possession of the property. Judgment was entered in the state court via a stipulation between the parties with an agreement to stay execution through April 30, 2025. *Dermont Lane Partners*, Case No. HFH-CV25-6033550-S, Docket 105.00, 106.00. The state court docket reflects that the eviction occurred on May 28, 2025. *See id.*, Docket 132.00.

Mitchell's first three requests ask for injunctive relief from the state court judgment. This Court lacks jurisdiction to stay or reverse enforcement of the state court judgment under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). That is because, "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *See also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine commands that a federal district court lacks subject matter jurisdiction where four requirements are met: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal quotations marks and citations omitted). All four requirements are met here.

First, Mitchell lost in state court when the court granted judgment against her and later ruled against her objections. *See, e.g.*, *Dermont Lane Partners*, Case No. HFH-CV25-6033550-S, Docket 106.00, 109.10, 112.10, 116.10, 118.10, 119.10, 120.10, 122.10, 124.10,

126.10, 127.10. Second, Mitchell asserts injuries caused by the state court judgment. Third, Mitchell asks this court to effectively overrule the state court judgment by issuing an injunction directed at dismissing or staying the eviction ordered by the state court. Fourth, the state-court judgment was rendered before Mitchell sought relief from this court. *See Dermont Lane Partners*, Case No. HFH-CV25-6033550-S, Docket 106.0 (granting judgment on April 2, 2025); *Robinson v. HSBC Mortg. Servs., Inc.*, No. 15-CV-5480, 2017 WL 570935, at *3 (S.D.N.Y. Feb. 10, 2017). Thus, this Court lacks jurisdiction to grant the first three grounds of relief sought by Mitchell.

This Court also denies Mitchell's other requests for immediate relief. The standard for granting a temporary restraining order (TRO) is the same as for a preliminary injunction. *Kreger v. McCance*, 537 F. Supp. 3d 234, 239 (D. Conn. 2021). To obtain a TRO, a movant must make a clear showing that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in her favor, and (4) an injunction is in the public interest. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (citing *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20, 22 (2008)). TROs and preliminary injunctions are "extraordinary and drastic" remedies, which "should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion*."* *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (internal quotation marks omitted) (emphasis in original). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). To satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent an injunction "they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one

that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (internal quotation marks omitted).

Mitchell does not meet this high bar for irreparable harm. Mitchell's remaining requests—those related to Zaniewski's conduct—are not clearly imminent. Mitchell's eviction occurred on May 28, 2025 and there is no indication from Mitchell that Zaniewski would visit her at any new address. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (fear of hypothetical future injuries is insufficient to support standing to seek injunctive relief).

Any injuries that may have occurred related to Zaniewski's past actions may be resolved by final adjudication on the merits and money damages, if warranted. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002); *see also Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (noting that the *Rooker-Feldman* doctrine "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment'"). Because Mitchell has moved to proceed *in forma pauperis*, the Court, if it determines she is indigent, will thereafter conduct an initial review pursuant to 28 U.S.C. § 1915 to determine which claims, if any, may proceed further.

For these reasons, Mitchell's Motion for Temporary Injunction and Motion for Protective Order is **DENIED**.

**SO ORDERED.**

New Haven, Connecticut

June 8, 2025

/s/Sarah F. Russell

4

SARAH F. RUSSELL
United States District Judge